# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08cv238

| | |
|---|---|
| JAMES EARHART, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| COUNTRYWIDE BANK, FSB, | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion to Dismiss or, In the Alternative, to Exclude Plaintiff's Evidence at Trial, and to Suspend Deadlines in the Court's Pretrial Order and Case Management Plan(#15). A hearing was held on February 20, 2009, at which counsel for the respective parties appeared and presented arguments.

The essence of defendant's argument is that Rule 26(a)(3) requires the parties to make certain final pretrial disclosures some 30 days in advance of trial, that defendant complied with such rule, but that plaintiff failed to comply. As a sanction, defendant seeks to dismiss this case, exclude plaintiff's evidence, or continue trial. Subsequent to the filing of the motion, plaintiff has made all the pretrial disclosures required to date by the Pretrial Order.

Thus, the threshold issue before the court is whether the deadlines contained in Rule 26(a)(3) are supplanted by the Pretrial Order. Rule 26(a)(3) provides as follows:

**(3) Pretrial Disclosures.**
- **(A)** **In General.** In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
  - (i) the name and, if not previously provided, the address and telephone number of each witness — separately identifying those the party expects to present and those it may call if the need arises;
  - (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and
  - (iii) an identification of each document or other exhibit, including summaries of other evidence — separately identifying those items the party expects to offer and those it may offer if the need arises.
- **(B)** **Time for Pretrial Disclosures; Objections.** <u>Unless the court orders otherwise</u>, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made — except for one under Federal Rule of Evidence 402 or 403 — is waived unless excused by the court for good cause.

Fed.R.Civ.P. 26(a)(3)(as revised in 2007). In turn, the Pretrial Order entered by the district court on August 27, 2008, provides in relevant part as follows:

### III. TRIAL

A. **TRIAL DATE**. Trial with a jury is scheduled for March 2, 2009.

*\* \* \**

C. **COUNSEL'S DUTIES PRIOR TO TRIAL**: At least two

>    full weeks before the trial date, counsel for all parties shall:
>    * * *
>    (b) Exchange copies of exhibits or permit inspection if copying is impractical;
>    (c) Number and become acquainted with all exhibits; and
>    * * *
> **D. COUNSEL'S FILINGS ONE WEEK BEFORE TRIAL:** At least one full week before the trial date, counsel for each party shall file with the Clerk of Court each of the following:
>    (a) A trial brief addressing all questions of law and any anticipated evidentiary issues;
> **G. COUNSEL'S FILINGS ON THE FIRST DAY OF TRIAL:** No later than the morning of the first day of trial, counsel for each party shall file with the Clerk of Court an original and four (4) copies of the following:
>    (a) A witness list containing the name of every proposed witness;
>    * * *
>    (d) An exhibit list.

Pretrial Order, Docket Entry #8, at pp. 5-6. Clearly, the district court has by entry of its Pretrial Order set deadlines for production of witness and exhibits lists that differ from Rule 26(a)(3). Rule 26(a)(3)(B) specifically allows a trial judge to set deadlines other than those contained in the rule by providing that "[u]nless the court orders otherwise, these disclosures must be made at least 30 days before trial." This concept of the court ordering otherwise is not unique to this district, as noted by the Court of Appeals for the Eleventh Circuit:

> Rule 26(a)(3)(B) provides default deadlines that apply "[u]nless the court orders otherwise." The district court ordered otherwise; it provided an extended deadline of July 18, at which time disclosure reports and any supplements were due.

Romero v. Drummond Co., Inc., 552 F.3d 1303, 1324 (11th Cir. 2008). The district court has clearly ordered otherwise and if either party believed they needed additional

-3-

time within which to make such disclosures, it was incumbent upon them to make a motion in advance of such deadlines or, perhaps, suggest such an alteration in their Certificate of Initial Attorneys Conference and Proposed Pretrial Order. The CIAC entered in this case makes no request for alteration of the deadlines contained in Section III of the Pretrial Order. Finding plaintiff's production to be in substantial compliance with the deadlines provided in the Pretrial Order, the defendant's motion seeking sanctions will be denied.

Counsel for defendant has, however, argued that in making the final pretrial disclosures, plaintiff has tendered a state court default judgment which defendant contends was not produced in discovery, in the initial disclosures, or in any supplements. Upon questioning by the court, it would appear that counsel for defendant had reason to know of its existence when defendant took plaintiff's deposition. Whether such document should be admitted at trial is not, however, before the undersigned and the court has instructed defendant to pursue such issue by way of motion in limine if the parties cannot amicably resolve the matter.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss or, In the Alternative, to Exclude Plaintiff's Evidence at Trial, and to Suspend Deadlines in the Court's Pretrial Order and Case Management Plan (#15) is **DENIED** and the parties shall bear their own costs associated with bringing and defending such motion.

Signed: February 20, 2009

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge